Devin A. McRae, (SBN 223239)
 *dmcrae@earlysullivan.com*
Peter Scott, (SBN 247786)
 *pscott@earlysullivan.com*
EARLY SULLIVAN WRIGHT
 GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Floor
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

Attorneys for Plaintiff
SHANNEN DOHERTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNEN DOHERTY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>STATE FARM GENERAL INSURANCE COMPANY and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No.: 2:19-CV-01963-JFW(PLAx)<br><br>**PLAINTIFF SHANNEN DOHERTY'S OFFER OF PROOF FOR MOTION IN LIMINE NO. 9**<br><br>(Removed from: Los Angeles Superior Court Case 19SMCV00288)<br><br>　Discovery Cutoff:　12/20/2019<br>　Pre-Trial Conf.　　2/21/2020<br>　Trial Date:　　　　3/3/2020 |

538179.3

Plaintiff Shannen Doherty respectfully submits the following "offer of proof" for her attorneys' fees pursuant to this Court's February 18, 2020 Order (ECF #96).

## I. WITNESS: DEVIN A. MCRAE, ESQ.

Devin A. McRae, lead trial counsel for Plaintiff, will offer testimony on the nature and amount of services rendered to and attorneys' fees incurred by Plaintiff in connection with the underlying insurance claim and the instant litigation, including what portion of the services and fees are attributable to efforts to obtain the policy benefits wrongfully denied or withheld. Mr. McRae will testify as to the amount of these attorneys' fees incurred both in aggregate up through the time of his testimony as well as at periodic points in the claim and litigation process including the date of filing of the litigation, the date of the mediation, the day before trial and at the conclusion of the trial.

Mr. McRae will testify that his law firm was retained by Plaintiff to, among other things, obtain for Plaintiff policy benefits wrongfully withheld by State Farm. Mr. McRae will authenticate the billing statements generated by his firm in connection with this matter and will establish the foundational elements for the business records exception to the hearsay rule set forth in Federal Rule of Evidence 803(6), including that the fee invoices are generated from information input at or near the time by the attorneys with knowledge of the time and tasks performed on this matter, that the fee invoices are kept in the course of regularly conducted business activity and that it is the regular practice for his firm to generate these fee invoices on a monthly basis and that they are transmitted to Ms. Doherty on a monthly basis. Mr. McRae will also testify that he has personally reviewed the firm's fee invoices and the descriptions of the tasks performed therein and that his calculation of the portion of time spent in obtaining policy benefits wrongfully withheld is based in part on his review and analysis of those fee invoices, as well as his own personal knowledge of the work performed on this matter.

1    Mr. McRae will testify as to the qualifications of the attorneys who have
worked on this matter, the hourly rates charged by each attorney and that the rates
charged are reasonable in the Los Angeles legal market.  Mr. McRae will also
testify that the time spent and aggregate amount of fees charged to obtain policy
benefits wrongfully withheld is reasonable in the context of this litigation.
Specifically, Mr. McRae will testify that the attorneys' fees incurred by Plaintiff up
through the date of the Parties' mediation in this matter on December 1, 2019, were
intentionally kept low and streamlined as Plaintiff's goal has been to reach a
reasonable settlement of this matter with State Farm.  Mr. McRae will testify that,
after the mediation, it became clear that this action would likely need to proceed to
trial and that the attorneys' fees incurred and billing activity occurring thereafter
were substantially increased to complete necessary discovery and pre-trial tasks.

Mr. McRae will also be available to answer any further questions from the
Court as well as respond to appropriate cross-examination from State Farm's
counsel.  Plaintiff is willing to submit Mr. McRae's testimony through declaration
or affidavit in lieu of live testimony.

### A.   Relevance

This testimony is relevant to establish the attorneys' fees incurred by
Plaintiff in obtaining the benefits of her State Farm insurance policy, which State
Farm wrongfully withheld.  Plaintiff is entitled to these fees under California law as
tort damages under her cause of action for breach of the implied covenant of good
faith and fair dealing. *Brandt v. Superior Court,* 37 Cal. 3d 813, 819-820 (1985).
In addition, Plaintiff has pled that she has suffered emotional distress as a result of
State Farm's bad faith conduct. *See* ECF 1-1 (Complaint), p. 8:25.  Under
California law, to support the award of damages for emotional distress in a bad faith
action, an insured must show an economic loss, which may be shown by an
expenditure of attorneys' fees. *See Delos v. Farmers Group, Inc.,* 93 Cal. App. 3d

538179.3

3

642, 659 (1979). The attorneys' fees incurred and paid by Plaintiff are therefore relevant to this action.

### B. Basis

Mr. McRae is lead counsel and has been involved in this matter since its inception, and has personally generated and reviewed each attorneys' fee invoice submitted to Plaintiff for payment. All of the fees were generated by activities Mr. McRae himself performed, or which were performed by attorneys acting under his direction. Mr. McRae has reviewed and, at the time of his testimony, will have re-reviewed all fee invoices submitted to Plaintiff for payment, as well as all internal firm records of all work in progress which has been logged but not yet invoiced. Mr. McRae is also familiar with the business and record keeping practices of the law firm of Early Sullivan Wright Gizer & McRae LLP sufficient to establish the foundational elements of the business records exception to the hearsay rule set forth in Federal Rule of Evidence 803(6).

### C. Documents Relied Upon

Ex. 525 – Plaintiff Shannen Doherty's attorney fee invoices [SD01457-SD01486], generated by Early Sullivan Wright Gizer & McRae LLP's billing department in mid-December 2019.

Early Sullivan Wright Gizer & McRae LLP attorney fee invoices and "work in progress" reports generated from December 1, 2019 through the date of Mr. McRae's testimony. The redacted invoices for the months of December 2019 and January 2020 are included herewith.

## II. WITNESS: SHANNEN DOHERTY

Plaintiff Shannen Doherty will offer testimony on the extent and nature of the attorneys' fees she shall have incurred by the time of her testimony in connection with her insurance claim and the instant litigation. Ms. Doherty will testify that she retained the law firm of Early Sullivan Wright Gizer & McRae LLP to obtain policy benefits wrongfully withheld by State Farm in connection with her

4

538179.3

insurance claim.  Ms. Doherty will authenticate the attorneys' fee invoices sent to her by Early Sullivan Wright Gizer & McRae LLP in connection with this matter and will testify that these invoices are transmitted to her on a monthly basis.

Ms. Doherty will testify as to the aggregate amount of attorneys' fees incurred by her in connection with this matter up through the time of her testimony, as well as at various points in time in the life cycle of the claim and the litigation, including without limitation immediately prior to the filing of this litigation, through November 30, 2019 (the date of the last fee invoice produced prior to the close of discovery on December 20, 2019), through the day before trial and at the time of her testimony.

### A. *Relevance*

This opinion is relevant to establish the costs incurred by Plaintiff in obtaining the benefits of her State Farm insurance policy, which State Farm wrongfully withheld.  Plaintiff is entitled to these fees under California law as tort damages in connection with her cause of action for breach of the implied covenant of good faith and fair dealing.  *Brandt v. Superior Court,* 37 Cal. 3d 813, 819-820 (1985).  In addition, Plaintiff has pled that she has suffered emotional distress as a result of State Farm's bad faith conduct.  *See* ECF 1-1 (Complaint), p. 8:25.  Under California law, to support the award of damages for emotional distress in a bad faith action, an insured must show an economic loss, which may be shown by an expenditure of attorney fees.  *See Delos v. Farmers Group, Inc.,* 93 Cal. App. 3d 642, 659 (1979).  The attorney fees incurred and paid by Plaintiff are therefore relevant to this action.

### B. *Basis*

Ms. Doherty is the Plaintiff in this action and the client of Early Sullivan Wright Gizer & McRae LLP and has personal knowledge of the fees she has incurred and paid to this firm.  In addition, Ms. Doherty was the recipient of the attorneys' fees invoices to be given in evidence, and therefore has personal

knowledge sufficient to authenticate those invoices. At the time of trial, Ms. Doherty will have reviewed all extant invoices submitted to her, and will be familiar enough with the projected expenditure of fees to estimate the amount of work in progress which has been logged but not yet billed.

### C. Documents Relied Upon

Ex. 525 – Plaintiff Shannen Doherty's attorney fee invoices [SD01457-SD01486], generated by Early Sullivan Wright Gizer & McRae LLP's billing department on or about December 19, 2019.

Early Sullivan Wright Gizer & McRae LLP attorney fee invoices and "work in progress" reports generated from December 1, 2019 through the date of Mr. McRae's testimony. The redacted invoices for the months of December 2019 and January 2020 are included herewith.

## III. CONCLUSION

Due to the ongoing litigation, Plaintiff continues to incur attorneys' fees as a result of State Farm's wrongful denial of policy benefits. Plaintiff therefore reserves the ability to present such further testimony and evidence regarding her attorneys' fees incurred between the time of this offer of proof and the time of trial as the Court may permit.

DATED: February 20, 2020         EARLY SULLIVAN WRIGHT
                                  GIZER & MCRAE

                                 By:/s/ *Peter D. Scott*
                                    Devin A. McRae
                                    Peter D. Scott
                                    Attorneys for Plaintiff
                                    SHANNEN DOHERTY